UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 23-10694-PDR |
| SEA SPINE ORTHOPEDICS INSTITUTE, LLC, | Chapter 7 |
| Debtor. _____/ | |
| KENNETH A. WELT, as Chapter 7 Trustee of SEA SPINE ORTHOPEDICS INSTITUTE, LLC, | |
| Plaintiff, | Adv. No. |
| v. | |
| SENTINEL BILLING SOLUTIONS, LLC, | |
| Defendant. _____/ | |

**COMPLAINT FOR TURNOVER, ACCOUNTING, AND INJUNCTIVE RELIEF**

Plaintiff, KENNETH A. WELT (the "**Trustee**" or "**Plaintiff**"), as Chapter 7 Trustee of SEA SPINE ORTHOPEDICS INSTITUTE, LLC (the "**Debtor**"), files this Complaint for Turnover, Accounting, and Injunctive Relief against Defendant, SENTINEL BILLING SOLUTIONS, LLC, and states:

**PARTIES, JURISDICTION AND VENUE**

1. On January 27, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**"). Thereafter, Kenneth A. Welt was appointed was as the Debtor's Chapter 7 Trustee.

2. Defendant, Sentinel Billing Solutions, LLC ("**Sentinel**" or "**Defendant**"), is an Arizona limited liability company which conducts business nationwide, including within the

Southern District of Florida. Sentinel's principal office is located at 1615 E. Warner Road, Suite 3, Tempe, Arizona 85284.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334.

4. This adversary proceeding is brought pursuant to Fed. R. Bankr. P. 7001.

5. This is both a core and noncore proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and (O), and the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court in accordance with Fed. R. Bankr. P. 7008(a). The non-core claim for an accounting is inextricably intertwined with the core claim for turnover pursuant to 11 U.S.C. § 542.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

7. All conditions precedent to the filing of this action have been performed, waived or satisfied.

## FACTS COMMON TO ALL COUNTS

8. Prior to the Petition Date, the Debtor operated an orthopedic medical practice with locations in, among other places, Orlando, Jacksonville, and Davenport, Florida, as well as in Michigan.

9. Part of the Debtor's business was to provide medical services and treatment to individual patients resulting from personal injury claims, including charges for physicians, therapy, facility, diagnostic, pharmaceuticals, and durable medical equipment (the "**Medical Services**").

10. In some cases, the Medical Services were billed against various payors such as private and public health insurance carriers, cash payors, and automobile insurance carriers. In

other cases, the Debtor deferred collection of payment for the Medical Services and would instead be paid from the proceeds of a settlement (or a judgment) on account of the particular personal injury action.

11. According to its website, Sentinel is a medical billing service and coder that provides medical professionals an efficient and low-cost billing solutions by assisting with claims, payment issues, insurance companies, and patients.[1]

12. On or around February 1, 2018, the Debtor and Sentinel entered into a Servicing Agreement in which Sentinel agreed to provide billing support services to the Debtor (the "**Sentinel Contract**"). The initial term of the Sentinel Contract was twelve (12) months with automatic renewal for additional one-year terms upon expiration of the previous term unless written notice is given by either party's desire not to renew.

13. The Sentinel Contract has been deemed rejected as a matter of law. 11 U.S.C. § 365(d)(1).

14. The billing support services authorized under the Sentinel Contract included, among other things, Letter of Protection ("**LOP**") Factoring Services, which included proper submission and follow up on all LOP cases which the Debtor has elected to sell and/or factor to or through a third-party factor.

15. Between 2017 and 2022, the Debtor entered into various agreements purporting to sell its accounts receivables to third party factoring companies that each agreed to purchase certain receivables of the Debtor that were guaranteed by a medical lien or letter of protection (the "**Factoring Agreements**"). Some of these Factoring Agreements are in fact loan transactions as opposed to outright sales of the Debtor's interests in the account receivables.

---

[1] Sentinelbilling.com.

16. Sentinel, upon information and belief without input from the Debtor, would negotiate the Factoring Agreements, including the payment percentage and which receivables would be sold. In addition, Sentinel would simultaneously negotiate collection deals to act as collection agent for these factoring companies.

17. Prior to the Petition Date, the Debtor's CEO was Mark Seda. Upon information and belief, Mark Seda is a current or former member of or owner in Sentinel.

18. The Debtor is no longer operating.

19. Sentinel has collected and continues to collect and hold monies on account of services rendered by the Debtor, that originated from accounts in the name of the Debtor or money owed to the Debtor, whether or not such money or account was allegedly sold, transferred, factored, liened, encumbered or otherwise transferred (the "**Estate Funds**").

20. Sentinel continues to collect the Estate Funds arising out of the Debtor's accounts that have been allegedly sold, transferred, factored, liened, encumbered or otherwise transferred to entities such as (i) ezMed, LLC, (ii) MedFinance Servicing LLC, (iii) Well States Healthcare LLC, (iv) Surgical Capital Solutions, Inc., (v) Surgical Capital Management, LLC, (vi) Surgical Capital Management III, LLC, and (vii) Medical Lien Assignments, LLC (collectively, the "**Factoring Companies**").

21. Sentinel has collected and continues to collect and hold monies on account of services rendered by the Debtor, that originated from accounts in the name of the Debtor or money owed to the Debtor, that are not subject to agreements with Factoring Companies and are not otherwise subject to any claim of lien or ownership by any third party (the "**Undisputed Estate Funds**").

22. Upon information and belief, Sentinel has and continues to, including post-petition, pay itself fees and other charges allegedly due to it out of the Estate Funds including the Undisputed Estate Funds.

23. Sentinel is in possession of records (the "**Records**") concerning the receivables of the Debtor, including documents showing the status of certain receivables and information needed for collection thereof.

24. The Estate Funds and Records constitute property of the estate pursuant to Section 541 of the Bankruptcy Code.

## COUNT I
## TURNOVER OF PROPERTY OF THE ESTATE

25. Plaintiff re-alleges and incorporates each and every allegation set forth in paragraphs 1 through 24, above, as though fully set forth herein.

26. This is an action for turnover of property of the estate pursuant to Section 542 of Bankruptcy Code.

27. Sentinel has collected and continues to collect on accounts that originated from money owed to the Debtor, whether such money or account was allegedly sold, transferred, factored, liened, encumbered or otherwise transferred.

28. Sentinel has purportedly assisted the Debtor in collecting on the accounts that originated from money owed to the Debtor by virtue of selling off, factoring, liening, encumbering, or otherwise transferring the accounts belonging to the Debtor.

29. Sentinel also collects the Estate Funds on behalf of the Factoring Companies.

30. Sentinel is in possession of the Estate Funds, including the Undisputed Estate Funds.

5

31. Further Sentinel is in possession of the Records concerning the receivables of the Debtor, including documents showing the status of certain receivables and information needed for collection thereof.

32. The Estate Funds and Records constitute property of the estate to be recovered and administered as part of the estate pursuant to Section 541 of the Bankruptcy Code.

33. Sentinel has contractually agreed that the Records are the exclusive property of the Debtor.

34. Despite demand, Sentinel has failed and refused to turn over the Undisputed Estate Funds and Records to the Trustee.

35. As a result of the foregoing, pursuant to Section 542 of the Bankruptcy Code, Plaintiff is entitled to the immediate turnover of (a) the Undisputed Estate Funds and (b) the Records relating to the accounts in the name of or money owed to the Debtor, whether such account was allegedly sold, transferred, factored, liened, encumbered or otherwise transferred.

WHEREFORE, Plaintiff demands the entry of a judgment against Sentinel (i) ordering it to turn over to Plaintiff any and all funds for any accounts, that originated from money owed to the Debtor relating to the Undisputed Estate Funds; (ii) ordering it to turn over to Plaintiff any and all Records relating to any and all accounts in the name of the Debtor, including the receipt and disbursement of funds relating to such accounts, regardless of whether such accounts were sold, transferred, factored, liened, encumbered or otherwise transferred; (iii) ordering it to turn over to the Plaintiff all agreements between Sentinel and the Factoring Companies relating to collection on accounts in the name of the Debtor; (iv) providing for entry of a judgment against the Sentinel for the value of the Undisputed Estate Funds; and (v) for any other relief the Court deems appropriate.

## COUNT II
## <u>DEMAND FOR ACCOUNTING</u>

36. Plaintiff re-alleges and incorporates each and every allegation set forth in paragraphs 1 through 24 above, as though fully set forth herein.

37. This is an action for an accounting.

38. The contractual relationship is defined by the Sentinel Contract.

39. The information needed to determine the value of the Estate Funds in Sentinel's possession is within the control of Sentinel.

40. Plaintiff is unable to determine the exact value and location of the Estate Funds, including the Undisputed Estate Funds, in Sentinel's possession, custody and/or control and in the possession, custody and/or control of the Factoring Companies who obtained Estate Funds through money and/or accounts that were allegedly sold, transferred, factored, liened, encumbered or otherwise transferred.

41. Without an accounting, Plaintiff has no remedy at law, as it is impractical, if not completely impossible, to determine the value of Estate Funds, including the Undisputed Estate Funds, in Sentinel's possession, custody and/or control and in the possession, custody and/or control of the Factoring Companies who obtained Estate Funds through money and/or accounts that were allegedly sold, transferred, factored, liened, encumbered or otherwise transferred.

42. Upon information and belief, Sentinel has and continues to, including post-petition, pay itself fees and other charges allegedly due to it out of the Estate Funds.

43. Despite demand, Sentinel has failed and refused to provide an accounting of the money and/or accounts that originated from money owed to the Debtor, or an accounting of payments made to Sentinel out of the Estate Funds.

44. Based upon the acts and omissions alleged herein, Plaintiff is entitled to an accounting of (i) all transactions and other dealings between Sentinel and the Debtor including with respect to collections on all accounts in the name of the Debtor, , regardless of whether such account was allegedly sold, transferred, factored, liened, encumbered or otherwise transferred; (ii) all fees, charges or monies paid to Sentinel in connection with their services relating to the Debtor's accounts, regardless of whether such account was allegedly sold, transferred, factored, liened, encumbered or otherwise transferred, including pursuant to the Sentinel Contract; and (iii) all transactions and other dealings between Sentinel and each of the Factoring Companies with respect to accounts that originated from money owed to the Debtor.

WHEREFORE, Plaintiff demands the entry of a judgment against Sentinel (i) ordering Sentinel to account to Plaintiff regarding the value and location of the Estate Funds in Sentinel's possession, custody and/or control and in the possession, custody and/or control of the Factoring Companies who obtained Estate Funds through money and/or accounts that were allegedly sold, transferred, factored, liened, encumbered or otherwise transferred; (ii) providing for an accounting of (x) all transactions and other dealings between Sentinel and the Debtor including with respect to collections on all accounts in the name of the Debtor, regardless of whether such account was allegedly sold, transferred, factored, liened, encumbered or otherwise transferred; (y) all fees, charges or monies paid to Sentinel in connection with their services relating to the Debtor's accounts, regardless of whether such account was allegedly sold, transferred, factored, liened, encumbered or otherwise transferred, including pursuant to the Sentinel Contract; and (z) all transactions and other dealings between Sentinel and each of the Factoring Companies with respect to accounts with the Debtor; and (iii) for any other relief the Court deems appropriate.

## COUNT III
## INJUNCTIVE RELIEF

45. Plaintiff re-alleges and incorporates each and every allegation set forth in paragraphs 1 through 24, above, as though fully set forth herein.

46. This is an action for entry of a preliminary and permanent injunction against Defendant pursuant to Federal Rule of Bankruptcy Procedure 7065.

47. Plaintiff seeks an Order that any further collection of the accounts and monies on account of the Debtor, that originated from money owed to the Debtor, whether such money or account was allegedly sold, transferred, factored, liened, encumbered or otherwise transferred be enjoined pursuant to § 105(a) of the Bankruptcy Code.

48. Plaintiff believes that the requested injunction is necessary and appropriate to carry out his duties in accordance with the provisions of the Bankruptcy Code, and that any further of collection or settlement of the accounts and monies on account of the Debtor, that originated from money owed to the Debtor, whether such money or account was allegedly sold, transferred, factored, liened, encumbered or otherwise transferred would seriously impair the estate.

49. Sentinel is exposed to no possibility of suffering irreparable harm by an injunction.

WHEREFORE, Plaintiff respectfully requests the entry of appropriate orders and a final judgment against Defendant: (i) enjoining Sentinel from, among other things, pursuing any further collection of the accounts and monies on account of the Debtor, that originated from Undisputed Estate Funds; and (ii) awarding such relief as the Court deems just.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to amend this Complaint, upon completion of his investigation and discovery, to assert any additional claims for relief against Defendant as may be warranted under the circumstances allowed by law.

Dated: March 27, 2023.	Respectfully submitted,

        VENABLE LLP
        *Attorneys for Kenneth A. Welt,*
         *as Chapter 7 Trustee*
        100 N. Tampa Street, Suite 2600
        Tampa, Florida 33602
        Telephone: (813) 439-3100
        Facsimile: (813) 439-3110

        By: */s/ Eric D. Jacobs*
            Glenn D. Moses, Esq.
            Florida Bar No. 174556
            gmoses@venable.com
            Eric D. Jacobs, Esq.
            Florida Bar No. 85992
            ejacobs@venable.com